## BANK OF CALIFORNIA, APPELLANT, *v.* GEORGE P. COLLINS AND OTHERS, RESPONDENTS.

*Foreign corporation — Banking powers — cannot be exercised by a corporation organized under a foreign statute not conferring them — Such corporation cannot maintain an action based upon a banking transaction — certainly as against persons bound not by contract, but by statute obligations.*

MOTION for a new trial upon exceptions ordered to be heard in the first instance at General Term, after a dismissal of the complaint by the court at Circuit.

The plaintiff alleged in its complaint that it was a banking corporation organized under the laws of California, and sought to charge the defendants as trustees of La Abra Silver Mining Company, a corporation organized under the laws of this State, with a certain indebtedness of said company for money lent, etc., and because the defendants, as trustees, failed to file a report of the condition of the company as required by law.

The defendants pleaded *nul tiel* corporation, and also denied each and every allegation of the complaint.    On the trial, to prove its corporate existence, the plaintiff put in evidence an act of the legislature of California, entitled "An act to provide for the formation of corporations for certain purposes."    The first section of which declares that corporations for manufacturing, mining or chemical purposes, or for the purpose of engaging in any species of trade or commerce, foreign or domestic, may be formed according to the provisions of this act, etc.

The fifteenth section declares: "No corporation organized under this act shall, by any implication or construction, be deemed to possess the power of issuing bills, notes or other evidences of debt for circulation as money."

The plaintiff also put in evidence its certificate of incorporation,

declaring that it was created under the provisions of the above act, and that the object for which it was formed is to engage in and carry on the business of banking, to such extent and in all such branches as may be legally done under the Constitution and laws of the State of California.

The defendants moved to dismiss the complaint, on the ground that a banking corporation could not be created under said act; and that said act and said certificate of incorporation did not create the plaintiff a corporation for carrying on the business of banking at all; which motion was granted.

The court at General Term say: "We are of opinion that the attempt to create, under the act referred to, a banking corporation having the powers expressed in the certificate, was of no legal force, and that the plaintiff cannot maintain this action, based upon a transaction which was, as the complaint substantially shows, an exercise of its usurped banking powers."

*Roger A. Pryor*, for the appellant. *Britton & Ely*, for the respondents.

Opinion by Davis, P. J. Brady and Daniels, JJ., concurred.

Motion for new trial denied; judgment directed for defendants, with costs.